UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. André M. Espinosa |
| | : | |
| v. | : | Magistrate. No. 26-11131 |
| | : | |
| NICHOLAS COCKINOS | : | **CRIMINAL COMPLAINT** |

I, David C. Sheridan, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the U.S. Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_s/ David C. Sheridan_

David C. Sheridan, Task Force Officer
U.S. Drug Enforcement Administration

Task Force Officer David C. Sheridan attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this _3rd_ day of August, 2026.

Hon. André M. Espinosa
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
(Possession with Intent to Distribute Methamphetamine)

On or about February 25, 2026, in Hunterdon County, in the District of New Jersey, and elsewhere, the defendant,

## NICHOLAS COCKINOS,

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNT TWO
(Possession with Intent to Distribute Methamphetamine)

On or about March 19, 2026, in Hunterdon County, in the District of New Jersey, and elsewhere, the defendant,

**NICHOLAS COCKINOS,**

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## ATTACHMENT B

I, David C. Sheridan, am a Task Force Officer with the U.S. Drug Enforcement Administration ("DEA"). The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.     Since February 2026, law enforcement has been investigating the distribution of methamphetamine in Hunterdon County, New Jersey. As part of that investigation, law enforcement identified defendant Nicholas Cockinos ("COCKINOS") as a suspected distributor of methamphetamine.

2.     In February 2026, COCKINOS communicated with a confidential source ("CS") working under the direction of law enforcement, regarding the sale of methamphetamine. COCKINOS agreed to provide the CS with methamphetamine in exchange for U.S. currency at a prearranged location and time.

3.     Pursuant to law enforcement standard procedures, prior to and following the controlled purchase, law enforcement searched the CS's vehicle and person for drugs and contraband. The pre- and post-searches revealed neither drugs nor contraband in the CS's vehicle or on the CS's person, other than the drugs obtained during the controlled purchase. Prior to the controlled purchase, the CS was furnished with pre-recorded funds, that is, U.S. currency, with which to purchase the drugs. Each of the controlled purchases below were arranged by the CS under the direction of law enforcement through a series of telephone communications exchanged between the CS and COCKINOS.

4.     On or about February 25, 2026, law enforcement established surveillance at the prearranged location. At the prearranged time, the CS arrived at the location and parked in the parking lot. Law enforcement observed COCKINOS exit a nearby building and enter a vehicle with a New Jersey license plate, which law enforcement determined to be registered to COCKINOS (the "Suspect Vehicle"). COCKINOS subsequently exited the Suspect Vehicle carrying a black duffel / cross-body bag, approached the CS's vehicle, and entered it.

5.     While inside the CS's vehicle, COCKINOS provided the CS with a bag containing suspected methamphetamine. COCKINOS then exited the CS's vehicle and returned to the Suspect Vehicle.

6.    The CS then departed while under constant surveillance by law enforcement.   At a pre-determined location, the CS surrendered the suspected methamphetamine to law enforcement.   Law enforcement then field-tested the suspected narcotics, which tested positive for methamphetamine.   Subsequent laboratory testing confirmed that the suspected narcotics contained approximately 50.8 grams of actual methamphetamine.

7.    In or around March 2026, COCKINOS again communicated with the CS and agreed to provide the CS with additional methamphetamine at or around the same location used during the February 25, 2026 controlled purchase.

8.    On or about March 19, 2026, law enforcement established surveillance at the prearranged location.  Around the prearranged time, law enforcement observed COCKINOS arrive in the Suspect Vehicle.  Law enforcement then approached the Suspect Vehicle and arrested COCKINOS.

9.    During the arrest, law enforcement observed inside the Suspect Vehicle the same black / cross-body bag that COCKINOS carried during the February 25, 2026 controlled purchase.  The Suspect Vehicle was then secured and later searched pursuant to a judicially authorized search warrant, during which law enforcement recovered additional suspected methamphetamine from the black duffel / cross-body bag.

10.    Subsequent laboratory testing of the substances recovered from the black duffel / cross-body bag confirmed the substances were in fact methamphetamine.  The testing further determined that the substances contained approximately 205.9 grams of actual methamphetamine.